GEORGE F. KIMBALL, guardian, etc.

v.

OLIVER S. LINCOLN ET AL.

1. CONTRACTS—RESCISSION.—A party to an entire contract, cannot rescind the same in part, and affirm it as to the residue. If he has an election to rescind, he must rescind *in toto* or not at all. And he cannot rescind without returning or offering to return whatever he has received under it. So, where the executors of a deceased partner sold his interest, real and personal, in the partnership business, to the surviving partners, for a gross sum, although the instruments of conveyance were separate as to the real estate and personal property, they cannot rescind the sale as to the latter and affirm as to the real estate.

2. SURVIVING PARTNERS—PURCHASE OF DECEASED PARTNER'S INTEREST.—A purchase by surviving partners, from the executor of a deceased partner, of a deceased partner's interest, will not be set aside except for fraud, mistake or other sufficient ground.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding. Opinion filed on rehearing, November 8, 1880.

Mr. FRANCIS E. CLARKE, and Messrs. COOK & UPTON, for ap-

Kimball v. Lincoln.

pellees; upon petition for rehearing, contended that surviving partners can become purchasers from the representatives of the share of a deceased partner, and cited Lindley on Partnership, 980; Parsons on Partnership,*442; Story on Partnership, 551; Collyer on Partnership, 382; Chambers v. Howell, 11 Beav. 6; Ray v. Vilas, 18 Wis. 189; Davis v. Davis, 2 Keen's Ch. 534.

A distinction is made in cases where the surviving partners and executors are different persons: Case v. Abeel, 1 Paige's Ch. 393.

A surviving partner is entitled to compensation for time and labor in the care of the partnership property: Parsons on Partnership,*442; Lindley on Partnership, 775; Ambler v. Bolton, 41 L. J: Ch. 783; Hite v. Hite, 1 B. Mon. 179; Willett v. Blanford, 1 Hare, 253.

Messrs. G. W. & J. T. Kretzinger, for appellant; in reply, argued that the surviving partner occupied a trust relation to the estate, and could not, therefore, become a purchaser, and cited Forrester v. Oliver, 1 Bradwell, 259; Nelson v. Hayner, 66 Ill. 487; Kimball v. Lincoln, 5 Bradwell, 310; Phillips v. Ackerson, 2 Bro. Ch. 272; Hartz v. Sehrader, 8 Ves. 317; Burdan v. Burdan, 1 Ves. & B. 170; Washburne v. Goodman, 17 Pick. 319; Michoud v. Girod, 4 How. 503; G. C. & S. R. R. Co. v. Kelly, 77 Ill. 426.

Wilson, J. This case was heard at a former term of the court, and a decision was made reversing the decree of the court below. The case is reported in 5th Bradwell, page 316. A petition for a rehearing was subsequently filed by appellees, and allowed. The case has been again argued, and upon further consideration, we have arrived at a different conclusion from that reached on the former hearing.

The case presents one feature to which our attention was not then called by counsel, and in view of which we are of the opinion the decree of the court below should be affirmed. The bill was filed by George F. Kimball, as guardian of Weston G. Taft, minor son of John W. Taft, deceased, against Lorenzo

D. Warren, and Charles B. George, as surviving partners of
the firm of Warren, Taft & Co. The bill also makes as parties
Oliver S. Lincoln, and Lydia F. Kimball, as executor and exec-
utrix of the last will and testament of said John W. Taft,
who, in his life-time, was one of the members of the firm of
Warren, Taft & Co. Said firm was engaged in the milling
business at Waukegan, and after the death of Taft, in 1870,
Warren and George continued the business, as before, in the
firm name of Warren, Taft & Co., making, as is claimed by
the complainant, large profits, until 1875, when George pur-
chased of the executors Taft's one-fourth interest in the prop-
erty and assets of the firm, for the sum of $5,000. The pur-
chase was made without any inventory of the property or
detailed statement of the earnings of the mill ever having been
furnished to the executors, and without, as is charged in the
bill, any inventory of the partnership] effects ever having been
made out and filed in the country court by Warren and George,
as surviving partners, as required by law.

The estate consisted of real and personal property. The
consideration expressed in the deed of the executors to George
for the real estate, was $4,000, and in the conveyance of the
personalty, $1,000; but the proof shows that the property was
sold in a lump for $5,000, the consideration stated in the re-
spective conveyances being only nominal, and not intended to
represent the actual prices paid. The $5,000 was paid by
George, and no part thereof has ever been returned or tendered
to him. Weston G. Taft was the only child and sole devisee
under the will of John W. Taft. The executors were author-
ized by the will to sell and convey the property of the testator
at their discretion, the proceeds to be held and invested for the
use and benefit of Weston G. Taft.

The bill charges that Warren and George, as surviving part-
ners, occupy the relation of trustees of the property and assets
of the firm, and that any purchase made by them, or either of
them, from the executors of Taft, the deceased partner, of his
interest in the partnership effects is, as to creditors of Taft or
beneficiaries under his will, null and void.

The complainant does not seek to set aside that portion of

Kimball v. Lincoln.

the contract which relates to the realty, but prays that the defendants be decreed to account in respect to the personalty.

It is a familiar principle that a party to an entire contract cannot rescind the same in part and affirm it as to the residue. If he has an election to rescind, he must rescind *in toto* or not at all.    And the rule is equally well settled that he cannot rescind his contract without returning, or offering to return, whatever he has received under it.    He must place the other party in the same position he occupied at the time the contract was entered into.    1 Chit. on Contracts, p. — and note; Hunt v. Silk, 5 East, 249; Besley v. Dumas, 6 Bradwell, 291.

In the present case the contract was an entirety.    George purchased Taft's interest in the partnership assets at the agreed price of five thousand dollars.    Although the real estate and personal property were conveyed by separate instruments, they were, nevertheless, the subjects of a single contract of bargain and sale, and were sold for a gross sum.    There was no separate contract for the real estate at a specified price, and another contract for the personalty, but they were sold together, as a whole.

From the legal principles above stated, it necessarily results that if the complainant, as the guardian of Weston G. Taft, had an election to rescind the sale to George, he could only exercise such election by disaffirming the entire contract, and returning to George what he had paid under it.    Instead of doing this, he seeks to affirm so much of the contract as relates to the real estate, and to avoid it as to the personalty, and asks the court to decree an accounting in respect thereto.    It is plain he occupied no position that entitled him to the relief he sought, and the court properly dismissed his bill.

It is proper to add, that a majority of the court are of the opinion that the right of a creditor of a deceased partner, or of a beneficiary under his will, to disaffirm a purchase by surviving partners, from the executor of a deceased partner of the latter's interest in the partnership effects, was stated too broadly in our former opinion.    We there said that surviving partners occupy a trust relation to the partnership property, and that by reason thereof they can make no purchase of the in-

terest of the deceased partner from the executor, which a creditor or other *cestui que trust* may not disaffirm at his election if he comes into court and asks to have the sale set aside, provided he comes in a reasonable time. A majority of the court are of the opinion that this disability only exists *where the executor was also one of the partners*, and that in other cases a purchase by surviving partners of the executor will only be set aside by showing fraud, mistake or other sufficient grounds therefor. In that regard, our former opinion is to be taken as modified, and to be limited to the extent just indicated.

The decree of the court below is affirmed.

Decree affirmed.